FILED

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISANA

UNITED STATES OF AMERICA

versus

No. 06-119-FJP-DLD

KENNETH J. HUNT

NOTICE AND REQUESTS STATUS AND/OR ORDER

_____/

TO: THE HONORABLE DISTRICT COURT JUDGE

Comes Now, Kenneth J. Hunt (hereinafter Petitioner) hereby present this Notice and request said status and/or order granting said Motion under **28 USC § 2255** deem filed January 8, 2009 per Honorable Frank J. Polozola.

This notice and requests status and/or order is base upon the following that the respondent did requests an enlargement of time in which to filed their responsive pleading that was due within 30 days after said order from this court. However, on February 6, 2009 this court grants the respondent motion for enlargement of time thereby rendering said response is due on or before March 2, 2009.

Be as it may, Petitioner as of today has not received said responsive pleading from the Catherine M. Maraist, Assistant U.S. attorney, (hereinafter Attorney of Record), and requests status of the case in order to show whether the respondent have truly filed their responsive pleading in according to said court order dated February 6, 2009.

Notwithstanding, Petitioner respectfully requests that if in deed the government attorney of record has failed to comply with this court order, petitioner request that this court issue-forth a order waiving any affirmative defenses and grant said motion under 28 USC § 2255 as operation of law mandate.

*Order*

The motion filed by the Kenneth Hunt is denied as moot. The Court has already filed its opinion in this case on Mar 4, 2009, a copy of which is attached to this order.

3-20-09

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                            CRIMINAL NO. 06-119-FJP-DLD

KENNETH J. HUNT                                   CIVIL ACTION NO. 08-845-FJP

**<u>RULING</u>**

The defendant has filed a motion to correct sentence.[1] The motion is DENIED.

USSG § 1B1.10(a) of the United States Sentencing Guidelines provides that only certain amendments to the guidelines may be applied to lower a sentencing range of a defendant serving a term of imprisonment. These specific amendments are set forth in USSG § B1.10(c). It is clear that Amendment 709 is not one of the specific amendments set forth in subsection (c), and therefore Amendment 709 may not be applied to the defendant's sentence under the facts of this case.

Since the Court may not retroactively apply Amendment 709, this Court cannot lower the defendant's sentence pursuant to 18 U.S.C. § 3582(c). Therefore, defendant's motion is DENIED.[2]

---

[1]Rec. Doc. No. 38.

[2]Because this Court may not reduce the defendant's sentence, it is not necessary for the Court to determine whether Amendment 709 would actually result in a decrease in the defendant's sentence.

Doc#44076

Baton Rouge, Louisiana, March 4, 2009.

*[signature]*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-119-FJP-DLD |
| VERSUS | CIVIL ACTION NO. 08-845-FJP |
| KENNETH J. HUNT | |

**JUDGMENT**

For written reasons assigned;

IT IS ORDERED that the defendant's motion to correct sentence is DENIED.[3]

Baton Rouge, Louisiana, March 4, 2009.

*[signature]*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[3]Rec. Doc. No. 38.

Doc#44076    3

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| *versus* | :    No. 06-119-FJP-DLD |
| | : |
| KENNETH J. HUNT | : |

### UNITED STATES OF AMERICA'S RESPONSE
### TO THE DEFENDANT'S MOTION TO CORRECT SENTENCE

COMES NOW the United States, by and through undersigned counsel, and hereby submits this response to the defendant's motion to correct illegal sentence, which was filed in this Court on December 22, 2008.

In his motion, the defendant asks this Court to readjust his criminal history category and resentence him based on Amendment 709 to the United States Sentencing Guidelines, effective November 1, 2007, which disallowed the inclusion of additional criminal history points for misdemeanor and other offenses related to a conviction already used to compute a defendant's criminal history category. The defendant implores this Court to take a "common sense approach" in deciding whether to modify his sentence.

The defendant's petition to this Court must be rejected. Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed except (1) upon motion of the Director of the Bureau of Prisons based on compelling reasons or the age/health of the defendant; (2) upon a motion by the United States pursuant to Fed.R.Crim.P. 35; or (3) upon a motion by the court, the defendant, or the Director of the Bureau of Prisoners based on a lowered guideline sentencing range, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines have a provision setting forth the policy for the retroactive application of lowered sentencing ranges; this policy is found in USSG § 1B1.10. That policy provides that only certain amendments to the guidelines may be applied to lower a sentencing range of a defendant serving a term of imprisonment. USSG § B1.10(a). These specific amendments are set forth in USSG § B1.10(c). Amendment 709 is not one of the specific amendments set forth in subsection (c), and therefore it may not be applied to the defendant's sentence.

Because the guidelines do not allow for the retroactive application of the amendment in question, this Court may not lower the defendant's sentence pursuant to 18 U.S.C. § 3582(c). Because this Court may not reduce the defendant's sentence, the United States will not address whether Amendment 709 would actually result in a decrease in the defendant's sentence.[1]

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

/s/ Catherine M. Maraist
Catherine M. Maraist, LBN 25781
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: catherine.maraist@usdoj.gov

---

[1] The United States notes that the defendant was sentenced in January 2007, when the United States Sentencing Guidelines were not mandatory. Because this Court necessarily considered the sentencing factors listed in 18 U.S.C. § 3553(a) as well as the guidelines in fashioning the defendant's sentence, the defendant's sentence is already reflective of what this Court found to be the most appropriate sentence for the defendant.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| *versus* | :    No. 06-119-FJP-DLD |
| | : |
| KENNETH J. HUNT | : |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion for Extension of Time* has been sent, via first class mail, to *pro se* petitioner Kenneth J. Hunt, #04160-095, U.S.P Big Sandy, P.O. Box 2068, Inez, Kentucky, 41224

Dated: March 2, 2009.

/s/ Catherine M. Maraist
CATHERINE M. MARAIST